UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF VERMONT

| | | |
|---|---|---|
| LINDA LOUNSBURY and<br>AUSTIN VAN ECK, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | Case No. 2:17-cv-101 |
| | ) | |
| CREDIT SUISSE (USA) INC.,<br>DLJ MORTGAGE CAPITAL, INC., and<br>JOHN DOES 1-100, unknown persons, | ) | |
| | ) | |
| Defendants. | | |

## RULING ON MOTION FOR SUMMARY JUDGMENT
(Doc. 25)

In June 2017, *pro se* Plaintiffs Linda Lounsbury and Austin Van Eck, mother and son

respectively, commenced this diversity action claiming that Credit Suisse (USA) Inc., DLJ

Mortgage Capital, Inc. (collectively, the "Bank Defendants"), and John Does 1-100, unknown

persons, wrongfully entered their property on December 16, 2016. (Doc. 1.) Plaintiffs allege

eight causes of action regarding defendants' wrongful eviction and stealing of their personal

property. Plaintiffs seek compensatory damages of $640,000 for theft, looting, and damages

regarding their personal property and $4,000,000 for invasion of their property and ejectment as

well as injunctive relief ordering Defendants to restore Plaintiffs to possession of the home. (*Id.*

at 15.) Now before the court is the Bank Defendants' June 2019 motion for summary judgment

under Federal Rule of Civil Procedure 56. (Doc. 25.) Notwithstanding an extension, Plaintiffs

failed to oppose the motion by September 3, 2019. (*See* Doc. 28.) For the reasons discussed

below, the motion for summary judgment is granted.[1]

---

[1] This case was reassigned to the undersigned on January 9, 2020. (Doc. 29.)

This is not the first—nor last—litigation stemming from the foreclosure of a mortgage on 24 Ebony Lane, Essex, Connecticut (the "Property"). *See Van Eck v. DLJ Mortg. Capital, Inc.*, No. 3:15-cv-343, No. 3:15-cv-757, 2016 WL 386027 (D. Conn. Feb. 1, 2016) (unsuccessful appeals from Connecticut bankruptcy court orders); *In re Van Eck*, No. 17-10246, 2018 WL 3105012 (Bankr. D. Vt. June 14, 2018) (unsuccessful adversary proceeding raising the same claims as the instant case in challenging the foreclosure, summary process, and levying of execution against the Property by DLJ); *Van Eck v. Clark*, 19-cv-235 (D. Vt. Dec. 12, 2019) (complaint raising similar claims to the instant case regarding personal property removed from the Property).

### Factual Background

The Bank Defendants provided the required Notice to *Pro Se* Litigant warning Plaintiffs their claims could be dismissed if they failed to respond to the motion for summary judgment. (Doc. 25-4.) The notice also informed them their failure to respond with a statement of disputed facts and affidavits or documentary evidence contradicting the facts asserted by defendants could result in the court accepting defendants' assertions as true. *Id.* at 1. Because Plaintiffs have not responded to the Bank Defendants' statement or filed a conflicting statement of material facts, *see* D. Vt. L.R. 56(b), the court accepts the Bank Defendants' factual assertions as true as discussed below.[2]

In 2002, Bankers Trust Company of California commenced foreclosure proceedings in Connecticut state court against the Property at 24 Ebony Lane, Essex, Connecticut. The trial court granted a judgment of foreclosure by sale, subsequently substituted GRP Loan, LLC as

---

[2] The court notes the Bank Defendants' Statement of Undisputed Material Facts (Doc. 25-7) appears to be in large part a reproduction of the facts as found by the Vermont Bankruptcy Court. *See In re Van Eck*, 2018 WL 3105012, at *2–5.

plaintiff, and issued an updated foreclosure judgment. The updated judgment was necessitated by the 2006 bankruptcy filing of Herman Van Eck, Plaintiff Lounsbury's husband (Doc. 1 at 8, ¶ 21), in Connecticut federal court prior to the foreclosure sale. That bankruptcy case was dismissed in 2007.

Van Eck subsequently removed the Connecticut state court proceedings to the United States District Court for the District of Connecticut. The Connecticut District Court granted the motion to remand the case to Connecticut state court for reasons including the *Rooker-Feldman* doctrine, commenting: "The history of this case demonstrates that Van Eck is attempt[ing] to relitigate issues already decided by the state trial and appellate courts. This Court is not the appropriate forum for such a challenge." *GRP Loan, LLC v. Vaneck*, No. 3:08-CV-375, 2008 WL 2902607, at *1 (D. Conn July 24, 2008).

The Connecticut bankruptcy court consistently held that the state-court foreclosure judgment, and its affirmation by the appellate court, conclusively established: (1) an unpaid mortgage debt in an amount equal to or in excess of the amount set forth in the foreclosure judgment; and (2) GRP's standing to file a motion for relief from stay. *In re Van Eck*, 425 B.R. 54, 62 (Bankr. D. Conn. 2010). Van Eck appealed the foreclosure judgment arguing, among other things, that Bankers Trust did not have standing to foreclose the mortgage. The appellate court rejected that argument, confirmed Bankers Trust's standing, and affirmed the foreclosure judgment. *Banker's Trust Co. of Cal., N.A. v. Van Eck*, 95 Conn. 390 (Conn. App. Ct. 2006).

The Connecticut bankruptcy court then held that Van Eck's further attempt to relitigate those same issues in his bankruptcy case constituted an abuse of the Title 11 process, dismissed the Debtor's bankruptcy case with prejudice, and issued a two-year bar on Van Eck filing any new bankruptcy case. *In re Van Eck*, 425 B.R. at 69.

In March 2010, DLJ Mortgage Capital, Inc. ("DLJ") substituted itself as the plaintiff in the foreclosure action. *See Van Eck*, 2016 WL 386027, at *3 (citing *Banker's Trust Co. v. Van Eck*, No. MMX-CV-02-0097949-S (doc. 290.00)). In July, the Connecticut Superior Court issued a judgment of strict foreclosure in favor of DLJ in the foreclosure action. *Id.* (citing *Banker's Trust Co. v. Van Eck*, No. MMX-CV-02-0097949-S (doc. 299.00)). In June 2013, DLJ, having taken title as a result of no redemption having been made, filed a summary process action seeking to evict Van Eck and Linda Lounsbury from the premises. *See id.* Van Eck failed to appear in the case. In his stead, Plaintiff Linda Lounsbury moved to dismiss the action, claiming DLJ did not own the Property because Van Eck had quitclaimed it to a trust before the foreclosure judgment had entered, and that trust had subsequently filed for bankruptcy. *DLJ Mortg. Capital, Inc. v. Van Eck*, No. MMX-CV13-4017150-S, 2015 WL 3714925, at *1 (Conn. Sup. Ct. June 16, 2014).

The Connecticut Superior Court rejected that argument, stating: "Based on facts as found by this court, the court finds that the plaintiff [DLJ] was the owner of the premises at the time the summary process commenced." *Id.* at *4. Any purported transfer by Van Eck to a trust was therefore void. In December 2014, DLJ entered a second motion for default against Van Eck for failure to appear.

In January 2015, Van Eck filed a new bankruptcy petition in the Bankruptcy Court for the District of Connecticut. In February, the Connecticut bankruptcy court granted DLJ's motion for relief from the automatic stay so it could pursue its summary process action in the foreclosure proceeding. *Van Eck*, 2016 WL 386027, at *3. In May, that court reissued a substantively identical order granting DLJ relief from the automatic stay. (Doc. 25-8 (Order).) The U.S. District Court for the District of Connecticut dismissed Van Eck's appeal of the bankruptcy

court's order, noting: "Multiple courts have now held that DLJ is not only the rightful owner of the mortgage, but, after the foreclosure action, of the property itself[.]" *Van Eck*, 2016 WL 386027, at *5.

In June 2016, the Connecticut Superior Court entered a Judgment in favor of DLJ for possession of the Property finding that Van Eck's and Lounsbury's right or privilege to occupy the Property had terminated. (Doc. 25-9 (Order).) On December 13, DLJ served an execution for possession on Herman Van Eck, Linda Lounsbury, and Erik Van Eck. (Doc. 25-10.)

**Discussion**

## I.     Motion for Summary Judgment Standard

Summary judgment may be granted only when the moving party shows that there is no genuine dispute as to any material fact and it is entitled to judgment as a matter of law. Fed. R. Civ. P. 56. A grant of summary judgment is reviewed *de novo*. *Amaker v. Foley*, 274 F.3d 677, 680-81 (2d Cir. 2001).

Rule 56 allows a party to seek a judgment before trial on the grounds that all facts relevant to a claim or defense are undisputed and those facts entitle the party to judgment. *Vt. Teddy Bear Co. v. 1-800 Beargram Co.*, 373 F.3d 241, 244 (2d Cir. 2004). The moving party must submit a statement of facts deemed by it to be undisputed. Fed. R. Civ. P. 56(c); D. Vt. L.R. 56(a). The statement must reference admissible evidence in the record tending to prove each such fact, *e.g.*, deposition testimony, affidavits, admissions, etc. *See* Fed. R. Civ. P. 56(c)(2).

"The non-moving party need not respond to the motion. However, a non-response runs the risk of unresponded-to statements of undisputed facts proffered by the movant being deemed admitted." *Jackson v. Fed. Express*, 766 F.3d 189, 194 (2d Cir. 2014). Before summary

judgment may be entered, however, a "district court must ensure that each statement of material fact is supported by record evidence sufficient to satisfy the movant's burden of production even if the statement is unopposed." *Id.* "Rule 56 does not allow district courts to automatically grant summary judgment on a claim simply because the summary judgment motion . . . is unopposed." *Id.*

Because Plaintiffs are self-represented, the court must show "special solicitude before granting the . . . motion for summary judgment." *Ruotolo v. IRS*, 28 F.3d 6, 8 (2d Cir. 1994); *see also Tracy v. Freshwater*, 623 F.3d 90, 101-02 (2d Cir. 2010) (discussing various forms of solicitude shown to self-represented litigants). Though the court must examine the defendants-movants' submission for evidentiary and legal sufficiency, if the defendant-movant submits an evidentiary proffer sufficient to defeat a claim, the plaintiff cannot win without proffering evidence sufficient to allow a trier of fact to find in its favor on each fact material to its claim. *Powell v. Nat'l Bd. of Med. Exam'rs*, 364 F.3d 79, 84 (2d Cir. 2004) (once defendant-movant "demonstrates an absence of a genuine issue of material fact," plaintiff bears burden of production to show "specific facts showing that there is a genuine issue for trial" for each such fact).

## II.    Analysis

### A.    Application of Collateral Estoppel

The Bank Defendants argue they are entitled to summary judgment on all Plaintiffs' causes of action because they are precluded by the doctrine of collateral estoppel. (Doc. 25-5 at 3–5.) Under that doctrine, "once an issue is actually and necessarily determined by a court of competent jurisdiction, that determination is conclusive in subsequent suits based on a different cause of action involving a party to the prior litigation." *Montana v. United States*, 440 U.S.

147, 153 (1979). The Second Circuit applies a four-factor test to determine if application of collateral estoppel is permissible as to a given issue: "'(1) the issues in both proceedings are identical, (2) the issue in the prior proceeding was actually litigated and actually decided, (3) there was [a] full and fair opportunity to litigate in the prior proceeding, and (4) the issue previously litigated was necessary to support a valid and final judgment on the merits.'" *Arnold v. 1199 SEIU*, 420 F. App'x 48, 52 (2d Cir. 2011) (quoting *United States v. Hussein*, 178 F.3d 125, 129 (2d. Cir. 1999)).

The Bank Defendants concede that Plaintiffs were not parties to all previous litigation. (Doc. 25-5 at 4 n.1.) They argue, however, that "their interests were the same as those advocated by Hermann Vaneck." (*Id.*) The court is cognizant that the common issue underlying all Plaintiffs' causes of action is the propriety of DLJ's possession of the Property. This issue was actually litigated, actually decided, affirmed on appeal, and necessary to the final judgment in the foreclosure action awarding possession of the Property to DLJ in the prior proceedings in Connecticut state court. Because Plaintiff Lounsbury was named in the 2016 judgment awarding possession to DLJ, the court finds it would not be unfair to apply the doctrine of collateral estoppel against her in this action with regard to the issue of rightful possession of the Property. Plaintiff Austin Van Eck, however, was not a party to the Connecticut state court proceedings.

**B.      Analysis of Claims**

In an abundance of caution, the court considers each of the eight claims Plaintiffs assert and determines Plaintiffs have failed to point to evidence that would allow a reasonable jury to find for them at trial. The court is aided in this exercise by the thorough Memorandum of Decision issued by Judge Brown of the United States Bankruptcy Court for the District of Vermont, *see In re Van Eck*, 2018 WL 3105012, on an almost substantively identical complaint

with regard to the claims against DLJ filed in that court by Herman Van Eck. *Compare* Doc. 25-6 *with* Doc. 1.

Plaintiffs' first claim is for violation of the automatic stay provisions of 11 U.S.C. § 362(a). Here, as in the bankruptcy court action, DLJ has presented "documents showing that its predecessor in interest obtained relief from stay prior to taking any action in the foreclosure action" against the Property. *In re Van Eck*, 2018 WL 3105012, at *5; Doc. 25-8. Further, as the Bank Defendants point out, Plaintiffs were not parties to any bankruptcy proceeding during the pendency of the foreclosure and eviction proceedings and therefore cannot have standing to raise a claim for violation of any automatic stay. The Bank Defendants are entitled to summary judgment on Plaintiff's first cause of action.

Plaintiffs' second claim is that DLJ perpetrated an entry and detainer of the Property without legal foundation and their sixth claim is for wrongful interference with tenancy. As the bankruptcy court found, "the record shows otherwise." *In re Van Eck*, 2018 WL 3105012, at *5; Doc. 25-9. In June 2016, the Connecticut Superior Court entered final judgment in the foreclosure action awarding possession of the Property to DLJ. That judgment established that Plaintiff Lounsbury's right or privilege to occupy the Property had terminated. (Doc. 25-9.) The Bank Defendants have demonstrated DLJ had the right to possess the Property as of December 16, 2016, when Plaintiffs allege it unlawfully entered the Property and interfered with their tenancy. The Bank Defendants are therefore entitled to summary judgment on Plaintiff's second and sixth causes of action.

Plaintiffs' third, fourth, and fifth claims are for theft by conversion, secreting of stolen goods, and wrongful possession. The undisputed material facts are that in June 2016, the Connecticut Superior Court entered final judgment in the foreclosure action awarding possession

of the Property to DLJ, that judgment established Plaintiff Lounsbury's right or privilege to

occupy the Property had terminated, and DLJ served an execution for possession on Plaintiff

Lounsbury, via the state marshal, on December 13, 2016. (Docs. 25-9, 25-10.) As the

bankruptcy court held with regard to Herman Van Eck on identical causes of action:

> [Plaintiffs] ha[ve] failed to present any facts or law showing [that] DLJ's conduct violated state or federal law. [Plaintiffs] ha[ve] the burden of proof on these causes of action and ha[ve] failed to meet it. Here, the Connecticut Superior Court judgment shows DLJ gave proper notice and had authority to take possession of the Property and remove the personal property. . . . [T]he Connecticut State Marshal delivered the Plaintiff[s'] personal property to the designated place of storage. The statute then provides for the State Marshal to sell the personal property at public auction if the Plaintiff[s] failed to reclaim it. . . . DLJ lawfully repossessed the Property, and allowed the State Marshal to remove, store and, presumably, sell the plaintiff[s'] personal property[.]

*In re Van Eck*, 2018 WL 3105012, at *6 (internal citations omitted). Accordingly, the Bank

Defendants are entitled to summary judgment on Plaintiffs' third, fourth, and fifth causes of

action.

Plaintiffs' seventh claim is for declaratory judgment. They seek a declaratory judgment

and injunction prohibiting DLJ from selling the Property, declaring the seizure of their personal

property was without foundation, and an order requiring Plaintiffs be restored to their position in

the Property. They further seek an order "voiding whatever [f]ilings Defendant . . . may have

placed upon the Land Records affecting the title to the [Property]." (Doc. 1 at 13, ¶ 50.) As the

court has determined, state law provided for the removal of Plaintiffs' personal property from the

Property. Underlying Plaintiffs' other requests is a challenge to the validity of the foreclosure of

the Property. "Multiple courts have now held that DLJ is not only the rightful owner of the

mortgage, but, after the foreclosure action, of the property itself as well." *Van Eck*, 2016 WL

386027, at *5. The Bank Defendants are entitled to summary judgment on Plaintiffs' seventh

cause of action.

Plaintiffs' eighth claim, mis-numbered "ninth cause of action," is for common law negligence, plead in the alterative to their claims of intentional acts. The Bank Defendants' motion for summary judgment does not specifically respond to this claim, however, because Plaintiffs do not allege what legal duty defendants allegedly owed them, they fail to state a claim upon which relief can be granted. Plaintiffs' "ninth cause of action" is therefore dismissed.

## III.    Leave to Amend

The Second Circuit has cautioned that the court "should not dismiss a pro se complaint 'without granting leave to amend at least once,' unless amendment would be futile." *Garcia v. Superintendent of Great Meadow Corr. Facility*, 841 F.3d 581, 583 (2d Cir. 2016) (per curiam) (quoting *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000)). Here, the court finds amendment would be futile and therefore declines to grant leave to amend.

## Conclusion

The Bank Defendants' motion for summary judgment (Doc. 25) is **GRANTED.** Plaintiffs' claims against the unnamed John Doe defendants are dismissed without prejudice. Plaintiffs' action is **DISMISSED**.

SO ORDERED.

Dated at Burlington, in the District of Vermont, this 12th day of March, 2020.

/s/William K. Sessions III
William K. Sessions III
United States District Court Judge